ROBAINA & KRESIN PLLC
One E. Camelback Road, Suite 710
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile:  (602) 682-6455
dck@robainalaw.com
David C. Kresin (019858)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Gary J. Brunclik,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Precise Corporate Staging, LLC; David Stern and Marla Stern, husband and wife;<br><br>　　　　　Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff Gary J. Brunclik for his Complaint alleges as follows:

1. Gary J. Brunclik at all relevant times was a resident of Maricopa County, Arizona.

2. Upon information and belief, at all relevant times, Defendant Precise Corporate Staging, LLC ("PCS") was doing business in Maricopa County, Arizona.

3. At all relevant times, Defendant David Stern was the Manager and a Member/Owner of PCS, who exercised supervisory authority over Plaintiff in the workplace. In that capacity, he acted as Plaintiff's employer.

4. At all relevant times, Defendant Marla Stern was a Member/Owner of PCS who exercised supervisory authority over Plaintiff in the workplace. In that capacity, she acted as Plaintiff's employer.

5. Defendants David Stern and Marla Stern are husband and wife and at all times, acted for and on behalf of their marital community.

6. The events giving rise to these causes of action occurred in Maricopa County, Arizona.

7. This Court has personal jurisdiction over the Defendants and venue is proper in this Court.

8. From approximately February 25, 2011 to November 15, 2011, Defendants employed Plaintiff to sell, prep and put on shows.

9. Defendants promised to pay Plaintiff a base salary of $65,000 per year, plus commissions of 8% of the gross profits on sales sold by Plaintiff.

10. Throughout Plaintiff's employment, Defendants failed or refused to pay Plaintiff the full amount of all commissions due under the parties' agreement, underpaying commissions to Plaintiff by approximately $10,513.84.

11. Plaintiff has repeatedly demanded payment of the compensation owed to him, but Defendants have refused to pay him what is owed.

12. Throughout his employment, Plaintiff performed at the highest level.

13. During several work weeks during Plaintiff's employment, Plaintiff worked in excess of 40 hours with no compensation for the overtime hours worked.

14. The total overtime compensation due exceeds $11,800.

15. Shortly after the start of Plaintiff's employment, Defendant's principal, Dave Stern, began asking Plaintiff to provide the confidential customer list from Plaintiff's previous employer, which was a competitor of Defendant.

16. Plaintiff declined to provide the customer list, and Stern continued to ask for it approximately every two weeks with growing intensity until July 2011, when Stern stopped communicating directly with Plaintiff after Plaintiff clearly indicated that he would never provide the confidential customer list.

17. At approximately the same time in July 2011, Plaintiff began asking Defendant's representatives about the failure to pay him the overtime compensation that he was due and the failure to pay him commissions due in violation of the Arizona Wage Act.

18. Over the course of the next several months, as Defendant continued to refuse to pay Plaintiff the commissions and the overtime due, Plaintiff became more concerned that he was not going to receive the compensation to which he believed he was legally entitled.

19. On November 15, 2011, Plaintiff had a meeting with his supervisor Dan Arends in which Plaintiff insisted that Defendant must pay him the commissions and overtime compensation long past due. Dave Stern saw them meeting, walked in, and stated, "Is this just another bitch session?" and Plaintiff responded, "This is stuff we should talk to you about but you won't discuss it with us."

20. Two hours later, Defendant terminated Plaintiff's employment with Defendant as a result of Plaintiff's reports of illegal conduct regarding the overtime violations and the Arizona Wage Act violations, and his refusal to engage in illegal conduct or the facilitation of such conduct by turning over the confidential customer list.

21. Defendant terminated Plaintiff's employment with no prior warnings.

### Count One (Breach of Contract Claim Against Precise Corporate Staging, LLC only)

22. Plaintiff incorporates herein all previous allegations in this Complaint.

23. PCS and Plaintiff entered into an employment contract under which Plaintiff promised to perform services and PCS promised to pay Plaintiff compensation for the services performed.

24. Plaintiff performed his obligations under the employment contract through the end of his employment.

25. PCS breached the employment contract by failing to pay Plaintiff all compensation owed to Plaintiff, including approximately $10,513.84 in commissions.

26. As a result of PCS's breach, Plaintiff has suffered damages in an amount to be proven at trial.

/ / /

/ / /

27. Plaintiff is entitled to recover his attorneys' fees and related expenses under A.R.S. § 12-341.01.

**Count Two (Arizona Wage Act Claim Against Precise Corporate Staging, LLC only)**

28. Plaintiff incorporates herein all previous allegations in this Complaint.

29. At all relevant times, Plaintiff was an employee performing services under the Arizona Wage Act, A.R.S. § 23-350, *et seq.*

30. At all relevant times, PCS was Plaintiff's employer employing Plaintiff under the Arizona Wage Act, A.R.S. § 23-350, *et seq.*

31. Plaintiff's commissions owed were wages under the Arizona Wage Act, A.R.S. § 23-350, *et seq.*

32. PCS violated and continues to violate A.R.S. §§ 23-352 and 23-353 by withholding or diverting Plaintiff's wages with no good faith basis for doing so.

33. Plaintiff is entitled to treble damages under A.R.S. § 23-355, totaling approximately $31,541.52.

34. Plaintiff is entitled to recover his attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

**Count Three (Overtime Violations Claim Against All Defendants)**

35. Plaintiff incorporates herein all previous allegations in this Complaint.

36. At all relevant times, Defendants were employers covered under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

37. At all relevant times, Plaintiff was an individual employee covered under the FLSA.

38. Defendants failed to pay Plaintiff overtime compensation for all work weeks in which Plaintiff worked in excess of forty (40) hours, in violation of the FLSA.

39. Defendants' conduct described above was willful.

40. Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages.

41. Plaintiff is entitled to recover his attorneys' fees incurred herein pursuant to 29 U.S.C. §216.

### Count Four (Arizona Employment Protection Act Claim Against All Defendants)

42. Plaintiff incorporates herein all previous allegations in this Complaint.

43. At all relevant times, Plaintiff was an employee under A.R.S. § 23-1501.

44. At all relevant times, Defendants were Plaintiff's employer under A.R.S. § 23-1501.

45. Defendants violated A.R.S. § 23-1501(3)(c) by terminating Plaintiff's employment in retaliation for Plaintiff's refusal to commit an act or omission that would violate Arizona law and/or in retaliation for Plaintiff's disclosure in a reasonable manner that he had information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating or will violate Arizona law, to either the employer or a representative of the employer who the employee reasonably believes is in a managerial or supervisory position and has the authority to investigate the information provided by the employee and to take action to prevent further violations of Arizona law.

46. As a direct result of Defendants' conduct described above, Plaintiff has suffered emotional distress, reputational harm, lost income in the form of past, present and future wages and benefits, and other monetary and non-monetary benefits due him.

47. As a direct result of Defendants' conduct described above, Plaintiff seeks recovery of damages in an amount to be proven at trial including damages for economic loss and compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses.

48. Defendants' conduct described above was aggravated, outrageous, and guided by an evil mind; accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

49. Plaintiff's claim against Defendants herein arises out of a contract and Plaintiff is entitled to recover his attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

### Count Five (FLSA Retaliation Claim Against All Defendants)

50. Plaintiff incorporates herein all previous allegations in this Complaint.

51. At all relevant times, Defendants were employers covered under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Plaintiff was a covered employee under the FLSA.

53. Defendants terminated Plaintiff's employment because he engaged in protected activity by reporting violations of the FLSA, as set forth above.

54. Defendants' conduct described above was willful.

55. As a direct result of Defendants' conduct described above, Plaintiff has suffered emotional distress, reputational harm, lost income in the form of past, present and future wages and benefits, and other monetary and non-monetary benefits due him.

56. As a direct result of Defendants' conduct described above, Plaintiff seeks recovery of damages in an amount to be proven at trial including damages for economic loss and compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses.

57. Defendants' conduct described above was aggravated, outrageous, and guided by an evil mind; accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

58. Plaintiff's claim arises under the FLSA, and Plaintiff is therefore entitled to recover his attorneys' fees incurred herein pursuant to 29 U.S.C. §216.

59. Plaintiff demands a jury trial on all issues triable to a jury.

WHEREFORE, Plaintiff Gary J. Brunclik prays for judgment against Defendants as follows:

A. For an award of unpaid wages in an amount to be proven at trial;

B. For an award of treble damages on the unpaid wages;

C. For an award of unpaid overtime compensation, in an amount to be proven at trial;

D. For an award of economic damages in an amount sufficient to make Plaintiff whole for the loss of income and benefits resulting from Defendant's conduct;

E. For an award of front pay in an amount sufficient to compensate Plaintiff for all future lost income and benefits resulting from Defendant's conduct;

F. For an award of compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses incurred by Plaintiff as a result of Defendant's conduct;

G. For an award of liquidated and/or punitive damages;

H. For an award of attorneys' fees and related expenses;

I. For an award of prejudgment and post-judgment interest;

J. For an award of Plaintiff's costs of suit incurred herein; and,

K. For an award of such other relief as the Court may deem just and proper.

DATED this 18th day of July, 2012.

                ROBAINA & KRESIN PLLC

                By /s/David C. Kresin
                    David C. Kresin
                    Attorneys for Plaintiff